## MOSSBERG INDUSTRIES, INC.

v.

### Andrew HONKO et al.

### No. 94-625-M.P.

Supreme Court of Rhode Island.

July 14, 1995.

James Green/Daniel Kinder, Providence.

Marc Gursky, Providence.

### ORDER

This matter came before a hearing panel of this court for oral argument on June 27, 1995, pursuant to an order granting the petition of Mossberg Industries, Inc. (Mossberg), for writ of certiorari and directing the parties

to appear and show cause why the issues raised in the petition should not be summarily decided.

The plaintiffs below, various former employees of Mossberg, filed a complaint in the Superior Court seeking severance pay from Mossberg based upon what was alleged to have been "innocent misrepresentations" made by Mossberg representatives promising them prorated amounts of severance pay should they be terminated from employment by a prospective purchaser of Mossberg. None were in fact terminated from employment when the purchase was consummated; none sustained any monetary loss.

In the proceedings below, Mossberg filed a motion for summary judgment pursuant to Rule 56 of the Superior Court Rules of Civil Procedure. Mossberg alleged in its motion that it had no legal contractual obligation with plaintiffs because none had lost employment and consequently no one had become entitled to any severance pay. In addition, Mossberg denied that the so-called innocent misrepresentation, even if relied upon, had been authorized. Mossberg also contended that plaintiffs below had no cognizable action because if what they alleged was in fact legal and binding upon Mossberg, the resulting severance-pay plan would then constitute an employee-benefit plan and thus be pre-empted by the Federal Employee Retirement Income Security Act (ERISA), which extends exclusive Federal Court jurisdictions to actions thereunder. Accordingly Mossberg alleged lack of subject-matter jurisdiction in the Superior Court.

The transcript of the hearing on Mossberg's motion for summary judgment discloses that the hearing justice apparently misconceived the substance allegations in the motion, believing it to be only a contract action. He concluded that the case presented simply the question of separate promises made to midlevel management, which created "enough of a question of fact." He denied the motion without considering the subject-matter jurisdiction and other issues presented in the motion.

After hearing the arguments of counsel and reviewing the memoranda and hearing transcript filed by the parties, we are of the opinion that cause has not been shown and the issues will be summarily decided at this time.

The petition for certiorari is granted, the motion justice's decision denying the petitioner's motion for summary judgment is quashed and the matter is remanded to the Superior Court with our decision endorsed thereon and with directions to enter summary judgment for Mossberg Industries, Inc.

SHEA and LEDERBERG, JJ., did not participate.